THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | |
| **High Mesa, Inc.** | § § | Case No. 20-30602 |
| **Petro Operating Company, LP** | § § | Case No. 20-30603 |
| **Petro Acquisitions, LP** | § § | Case No. 20-30604 |
| **High Mesa Holdings, L.P.** | § § | Case No. 20-30605 |
| **The Meridian Resource and Exploration, LLC** | § § § | Case No. 20-30606 |
| **High Mesa Holdings GP, LLC** | § § | Case No. 20-30607 |
| **AM Idaho, LLC** | § § | Case No. 20-30608 |
| **Louisiana Onshore Properties, LLC** | § § | Case No. 20-30609 |
| **AMH Energy New Mexico, LLC** | § § | Case No. 20-30610 |
| **AM Michigan, LLC** | § § | Case No. 20-30611 |
| **Texas Energy Acquisitions, LP** | § § | Case No. 20-30612 |
| **Cairn Energy USA, LLC** | § § | Case No. 20-30613 |
| **The Meridian Production, LLC** | § § | Case No. 20-30614 |
| **High Mesa Services, LLC** | § § | Case No. 20-30615 |
| **HMS Kingfisher Holdco, LLC** | § § | Case No. 20-30616 |
| **Alta Mesa Acquisition Sub, LLC** | § § | Case No. 20-30619 |
| **Alta Mesa Drilling, LLC** | § § | Case No. 20-30620 |
| **Alta Mesa Energy, LLC** | § § | Case No. 20-30621 |
| **Alta Mesa GP, LLC** | § § | Case No. 20-30622 |
| **Aransas Resources, LP** | § § § | Case No. 20-30623 |

| | | |
|---|---|---|
| ARI Development, LLC | § | Case No. 20-30624 |
| Brayton Management GP II, LLC | § | Case No. 20-30625 |
| Brayton Resources II, LP | § | Case No. 20-30626 |
| Brayton Resources, LP | § | Case No. 20-30627 |
| Buckeye Production Company, LP | § | Case No. 20-30628 |
| FBB Anadarko, LLC | § | Case No. 20-30629 |
| Galveston Bay Resources, LP | § | Case No. 20-30630 |
| LEADS Resources, LLC | § | Case No. 20-30632 |
| Louisiana Exploration & Acquisition LP | § | Case No. 20-30634 |
| Navasota Resources Ltd. LLP f/k/a Hilltop Acquisition, LLC | § | Case No. 20-30635 |
| Nueces Resources, LP | § | Case No. 20-30637 |
| Sundance Acquisition, LLC | § | Case No. 20-30638 |
| TEA Energy Services | § | Case No. 20-30639 |
| The Meridian Resource, LLC | § | Case No. 20-30640 |
| Virginia Oil and Gas, LLC | § | Case No. 20-30641 |
| | § | (Chapter 7 Cases) |

**TRUSTEE'S EMERGENCY MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 7 CASES**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY**

**THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON JANUARY 31, 2020 AT 4:00 PM (PREVAILING CENTRAL TIME) IN COURTROOM 404, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TX 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**RELIEF IS REQUEST NOT LATER THAN JANUARY 31, 2020.**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:

Christopher Murray, Chapter 7 Trustee for Debtors High Mesa, Inc. ("**HMI**"), High Mesa Holdings, L.P., Alta Mesa Acquisition Sub, LLC, Alta Mesa Drilling, LLC, Alta Mesa Energy, LLC, Alta Mesa GP, LLC, AM Idaho, LLC, AM Michigan, LLC, AMH Energy New Mexico, LLC, Aransas Resources, LP, ARI Development, LLC, Brayton Management GP II, LLC, Brayton Resources II, LP, Brayton Resources, LP, Buckeye Production Company, LP, Cairn Energy USA, LLC, FBB Anadarko, LLC, Galveston Bay Resources, LP, High Mesa Holdings GP, LLC, LEADS Resources, LLC, Louisiana Exploration & Acquisition LP, Louisiana Onshore Properties, LLC, Navasota Resources Ltd. LLP f/k/a Hilltop Acquisition, LLC, Nueces Resources, LP, Petro Acquisitions, LP, Petro Operating Company, LP, Sundance Acquisition, LLC, TEA Energy Services, Texas Energy

Acquisitions, LP,  The Meridian Production, LLC, The Meridian Resource and Exploration, LLC, The Meridian Resource, LLC, Virginia Oil and Gas, LLC, High Mesa Services, LLC and HMS Kingfisher Holdco, LLC, ( collectively, the "**Debtors**"), files this *Trustee's Emergency Motion for Entry of an Order Directing Joint Administration of Chapter 7 Cases* (the "**Emergency Motion**"), and respectfully state the following:

## I.  SUMMARY OF RELIEF REQUESTED

1. The Debtors seek entry of an order, substantially in the form accompanying this motion, directing procedural consolidation and joint administration of these chapter 7 cases. Specifically, the Trustee requests that: one file and one consolidated docket be maintained for all of the Debtors' cases under Case No. 20-30602, the case number assigned to Debtor HMI, as follows:

**[Proposed style of administratively consolidated cases]**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| In RE: | § | |
| --- | --- | --- |
| | § | |
| **HIGH MESA, INC.**, *et al.*, | § | Case No. 20-30602 |
| | § | **(Chapter 7)** |
| Debtors. | § | **(Jointly Administered)** |
| | § | |
| | § | |

2. The Trustee further requests that this Court order that the foregoing caption satisfies the requirements set forth in Section 342(c)(1) of Title 11 of the U.S. Code (the "**Bankruptcy Code**").

3. The Trustee also requests that the Clerk of Court enter a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases, other than HMI, to reflect the joint administration of these chapter 7 cases:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 7 cases of: High Mesa, Inc., High Mesa Holdings, L.P., Alta Mesa Acquisition Sub, LLC, Alta Mesa Drilling, LLC, Alta Mesa Energy, LLC, Alta Mesa GP, LLC, AM Idaho, LLC, AM Michigan, LLC, AMH Energy New Mexico, LLC, Aransas Resources, LP, ARI Development, LLC, Brayton Management GP II, LLC, Brayton Resources II, LP, Brayton Resources, LP, Buckeye Production Company, LP, Cairn Energy USA, LLC, FBB Anadarko, LLC, Galveston Bay Resources, LP, High Mesa Holdings GP, LLC, LEADS Resources, LLC, Louisiana Exploration & Acquisition LP, Louisiana Onshore Properties, LLC, Navasota Resources Ltd. LLP f/k/a Hilltop Acquisition, LLC, Nueces Resources, LP, Petro Acquisitions, LP, Petro Operating Company, LP, Sundance Acquisition, LLC, TEA Energy Services, Texas Energy Acquisitions, LP, The Meridian Production, LLC, The Meridian Resource and Exploration, LLC, The Meridian Resource, LLC, Virginia Oil and Gas, LLC, High Mesa Services, LLC and HMS Kingfisher Holdco, LLC. The docket in Case No. 20-30602 should be consulted for all matters affecting these cases, and all further pleadings and other papers shall be filed in, and all further docket entries shall be made in Case No. 20-30602. However, separate claims dockets should be maintained for any "asset" case or any case noticed as an "asset" case.

## II.   JURISDICTION AND VENUE

4.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.   The statutory bases for the relief requested herein are Sections 105(a) and 342(c) of the Bankruptcy Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1015-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## III.   FACTUAL AND PROCEDURAL BACKGROUND

6.   Each of the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code on January 24, 2020 (the "**Petition Date**").

7.   Christopher Murray has been appointed as the chapter 7 Trustee of HMI and of the thirty-four other related bankruptcy estates, the Debtors.

8. Each of the Debtors are affiliates of one another, and have common creditors, equity holders, and interested parties. Pre-petition, HMI owned the interest in the other corporate Debtors and owned the interest in the general and/or limited partners of the partnership Debtors. Since January 2019, the Debtors were operated on a consolidated basis and retained Opportune LLC ("**Opportune**") to provide accounting and financial services for the Debtors. Prior to January 2019, the Debtors were joined with Alta Mesa Resources, Inc. and its related affiliates, which are currently in chapter 11 cases in the Southern District of Texas.

9. Additionally, the principal place of business, in Houston, Texas, for each of the Debtors is substantially identical.

10. The Trustee has contacted counsel for the Debtors and was informed that the Debtors have no opposition to the relief requested or the proposed order.

## IV.   GROUNDS FOR RELIEF REQUESTED

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . (2) a partnership and or more of its general partners . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates."[1] The thirty-five (35) Debtor entities that commenced the above-referenced chapter 7 cases are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Bankruptcy Local Rule 1015-1 further provides for the joint administration of related cases.

12. Given the integrated nature of the Debtors in these chapter 7 cases, joint administration will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 7 cases will

---

[1] FED. R. BANKR. P. 1015(b).

affect each Debtor entity. The Trustee understands that the cash management system used by the Debtors pre-petition resulted in money held by High Mesa Holdings, LP actually being the collective receipts of several Debtors who have revenue generating assets/business, although in some instances there were bank accounts for other Debtors.

13. The entry of an order directing joint administration of these chapter 7 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the Trustee to administer, and all parties in interest to monitor, these chapter 7 cases with greater ease and efficiency. Again, given the consolidated nature of pre-petition operations, including the cash management system, limited resources could be quickly depleted if attempted to be unwound from where these cases begin. The Trustee can remit proceeds collected for individual Debtors' estate into separate bank accounts in the future, although given the liquidity issues that pushed the Debtors into chapter 7, it may be necessary to transfer cash to safe guard and maintain assets.

14. The Debtors were parties to numerous pre-petition lawsuits, including an adversary proceeding recently filed in the Alta Mesa chapter 11 cases. The Trustee understands that the amounts claimed in these lawsuits is greater than the estimated value of all of the Debtors' assets, and in fact, could potentially be substantially greater. On a case by case basis, there are clearly Debtors that either have no assets or such limited assets that little, if any, will be available in those cases to pay creditors. However, the Trustee has been informed that there are assets that can be sold which will generate proceeds that he may have to allocate to the appropriate estate for eventual distribution to the appropriate creditors.

15. The Trustee understands that, pre-petition, Scott Ricks, the President of HMI ran the businesses of HMI and the other Debtors. Mr. Ricks is not an equity owner of any of the Debtors. The Trustee is further informed that Mr. Ricks and his staff are available to turnover information and, if retained, offer their services for a short period of time to ease the transition for the Trustee.

16. There is a sour gas field and processing plant located in Florida that was operated by certain of the Debtors pre-petition. The field and plant are currently shut down at the insistence of the on-site plant manager due to concerns he has that Mr. Ricks will no longer be available to address, approve, and consult on operational issues. Shutting in deep sour gas wells may have a negative impact on their future performance and as a result value. The Trustee will have to evaluate what to do with these assets in terms of future operation.

17. Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 7 cases. Accordingly, the Trustee submit that the joint administration of these chapter 7 cases is in the best interests of their estates, their creditors, and all other parties in interest. The Trustee reserves the right to seek substantive consolidation of the Debtors in the future if he determines that it is appropriate and in the best interests of the Debtors' respective estates.

18. Emergency consideration of this Emergency Motion is requested pursuant to Bankruptcy Local Rule 9013-1(i). The Trustee believes that joint procedural administration of these chapter 7 cases is imperative to the orderly administration of the Debtors' estates, which share common creditors, equity holders, and interested parties, and to the preservation of judicial and governmental resources. Absent immediate joint procedural administration of the Debtors' estates, the Debtors and parties in interest would be unnecessarily and unduly burdened with tracking and maintaining thirty-five (35) separate cases involving substantially interrelated companies. Accordingly, the Trustee respectfully requests that this Court approve the relief requested in this Emergency Motion on an emergency basis.

## V.  NOTICE

11. The Trustee will provide notice of this Emergency Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel for the Debtors; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the Office of the Attorney General of Texas; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Trustee respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

## VI.  NO PRIOR REQUEST

12. No prior request for the relief sought in this Emergency Motion has been made to this or any other court.

## VII.  PRAYER

The Trustee respectfully requests that this Court: (i) grant the relief requested in this Emergency Motion; (ii) enter the Order submitted herewith; and, (iii) grant the Trustee such other and further relief to which he may be entitled, both at law and in equity.

Dated:  January 30, 2020                         Respectfully submitted,

JONES MURRAY & BEATTY LLP

*/s/ J. Maxwell Beatty*
Erin Jones
Tex. Bar No. 24032478
erin@jmbllp.com
J. Maxwell Beatty
Tex. Bar No. 24051740
max@jmbllp.com
4119 Montrose Blvd., Suite 230
Telephone: (832) 529-1999
Facsimile: (832) 529-3393
*Proposed Counsel for Christopher Murray, Chapter 7 Trustee for the Debtors*

## CERTIFICATE OF ACCURACY

Pursuant to BLR 9013-1(i), I hereby certify that the information contained in the foregoing document with respect to the need for emergency relief is true and correct to the best of my knowledge.

>            _/s/ J. Maxwell Beatty_
>                  J. Maxwell Beatty

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2020, the foregoing document was served via first class U.S. Mail to the parties on the attached service list. Additionally, notice of this document will be electronically mailed to the parties registered or otherwise entitled to receive electronic notices in these cases pursuant to the Electronic Filing Procedures in this District, and separately emailed to the following parties:

| | |
|---|---|
| The United States Trustee<br>Hector Duran<br>Hector.Duran.Jr@usdoj.gov | R&R Contracting LLC<br>PO Box 948<br>Robertsdale, AL 36567<br>kreaves@randrcontractingllc.com |
| The Florida Department of Environmental Protection<br>c/o Cindy Mulkey, Program Administrator<br>3900 Commonwealth Boulevard<br>Tallahassee, FL 32399<br>Cindy.Mulkey@dep.state.fl.us | Randy Williams<br>Byman & Associates PLLC<br>7924 Broadway, Suite 104<br>Pearland, TX 77581<br>rww@bymanlaw.com<br>*Counsel for the Debtors* |
| Danos, LLC<br>3878 West Main Street<br>Gray, LA 70359<br>Rocky.kiffe@danos.com | Alta Mesa Resources, Inc., *et al.*<br>c/o John F. Higgins<br>Porter Hedges LLP<br>1000 Main Street, 26th Floor<br>Houston, Texas 77002<br>jhiggins@porterhedges.com<br>apower@porterhedges.com<br>mdearman@porterhedges.com<br>George.davis@lw.com<br>Annemarie.reilly@lw.com<br>Brett.neve@lw.com<br>Caroline.reckler@lw.com<br>Andrew.sorkin@lw.com |
| Abigail Ryan<br>The Office of the Attorney General of Texas<br>Abigail.ryan@oag.texas.gov | |
| Richard Kincheloe<br>United States Attorney's Office for the Southern District of Texas<br>Richard.kincheloe@usdoj.gov | |

                                                */s/ J. Maxwell Beatty*
                                                    J. Maxwell Beatty

## SERVICE LIST

| Name of creditor and complete mailing address, including zip code |
|---|
| **Biloxi Marsh Lands Corporation**<br><br>c/o Timothy W.Cerniglia<br>4913 Newlands Street<br>Metairie, LA 70006 |
| **BLANK ROME LLP**<br><br>ATTN FINANCE DEPT<br>ONE LOGAN SQUARE<br>130 NORTH 18TH STREET<br>PHILADELPHIA, PA 19103-6998 |
| **Blue Shale**<br><br>c/o Kenneth Miller<br>Miller Law Offices PLLC<br>936 E.Park Ave Suite 2<br>Fairmont, WV 26555 |
| **DANOS LLC**<br><br>3878 WEST MAIN STREET<br>GRAY, LA 70359 |
| **Deep Wilcox Oil & Gas and**<br><br>Hankerson Oil LLC<br>c/o Lewis Brisbois Bisgaard & Smith LLPH<br>24 Greenway Plaza, Suite 1400<br>Houston, TX 77046 |
| **Exxon Mobil Corporation**<br><br>c/o Mark McNamara<br>Liskow & Lewis<br>701 Poydras Street, Suite 5000<br>New Orleans, LA 70139 |

| Name of creditor and complete mailing address, including zip code |
|---|
| **GORDON ARATA MONTGOMERY**<br><br>**201 ST CHARLES AVENUE**<br>**40TH FLOOR**<br>**NEW ORLEANS, LA 70170-4000** |
| **H. L. Hawkins III**<br><br>**Liskow & Lewis**<br>**701 Poydras Street, Suite 5000**<br>**New Orleans, LA 70139** |
| **Herbert L. Sadler, Sr.**<br><br>**c/o Carver, Darden, Koretzky, Tessier,**<br>**Finn, Blossman, & Areaux, LLC**<br>**1100 Poydras Street, Suite 3100**<br>**New Orleans, LA 70163** |
| **HTI SERVICES LLC**<br><br>**PO BOX 709**<br>**STAR, ID 83669** |
| **Innovative Energy Services, Inc**<br><br>**16600 Park Row**<br>**Houston, TX 77084** |
| **KIRKLAND & ELLIS LLP**<br><br>**300 NORTH LASALLE STREET**<br>**CHICAGO, IL 60654-3406** |
| **OPPORTUNE LLP**<br><br>**711 LOUISIANA SUITE 3100**<br>**HOUSTON, TX 77002** |
| **PIONEER WIRELINE SERVICES LLC**<br><br>**PO BOX 202567**<br>**DALLAS, TX 75320-2567** |

| Name of creditor and complete mailing address, including zip code |
|---|
| **PRICEWATERHOUSECOOPERS LLC**<br><br>**PO BOX 952282**<br>**DALLAS, TX 75395-2282** |
| **SANTA ROSA COUNTY TAX COLLECTOR**<br><br>**6495 CAROLINE STREET STE E**<br>**MILTON, FL 32570** |
| **ST MARY PARISH SHERIFFS OFFICE**<br><br>**PO BOX 610**<br>**PATTERSON, LA 70392-0610** |
| **WALTER OIL & GAS CORP**<br><br>**PO BOX 301007**<br>**DALLAS, TX 75303-1007** |
| **WEATHERFORD US LP**<br><br>**PO BOX 301003**<br>**DALLAS, TX 75303-1003** |
| **WILLKIE FARR & GALLAGHER LLP**<br><br>**787 SVENTH AVENUE**<br>**NEW YORK, NY 10019** |
| **ALTA MESA RESOURCES, INC.**<br><br>**c/o JOHN F. HIGGINS, IV**<br><br>**PORTER & HEDGES**<br><br>**1000 MAIN STREET 36TH FLOOR**<br><br>**HOUSTON, TX 77002** |